**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **THOMAS RAFFERTY,** Administrator of the Estate of **BONNIE RAFFERTY,** Deceased**,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**JOHNSON & JOHNSON**, et al.,<br><br>　　　　　　　　Defendants. | Case No: 1:18-cv-04199<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON**
**CONSUMER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc.,[1] (referred to herein as Johnson & Johnson Consumer Inc.), (collectively "Defendants"),[2] respond to Plaintiff's Complaint as follows. Defendants deny each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as is hereinafter expressly admitted or alleged. The repetition of some of the Complaint's subheadings is done solely for organization purposes and is not an admission as to their truth.

---

[1]　　Defendants note that Plaintiff asserts claims against "Johnson & Johnson Consumer Companies, Inc." As noted above, Johnson & Johnson Consumer Companies, Inc. is now known as "Johnson & Johnson Consumer Inc.," and Defendants respond accordingly.

[2]　　The Johnson & Johnson Defendants note that Plaintiff purports to bring misdirected claims against "Johnson & Johnson Customer Logistics Services, LLC." Johnson & Johnson Consumer Inc. is the entity responsible for the cosmetic products referenced in the complaint at relevant times. Defendants state that there is no existing legal entity known as Johnson & Johnson Customer Logistics Services, LLC and has been improperly named as a defendant. Johnson & Johnson Customer Logistics Services, LLC does not manufacture or market the products at issue and has been improperly named as a defendant in this case.

## INTRODUCTION[3]

1.     Defendants deny the allegations in paragraph 1 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

2.     Defendants deny the allegations in paragraph 2 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

## PARTIES

3.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of Plaintiff's Complaint concerning Decedent's alleged residence, alleged purchase and use of the products at issue, and alleged diagnosis and, therefore, Defendants deny the same.  Defendants deny the remaining allegations in paragraph 3 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

4.     Defendants state that Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey.  Defendants deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5.     Defendants deny the allegations in paragraph 5 of Plaintiff's Complaint.

6.     Defendants deny the allegations in paragraph 6 of Plaintiff's Complaint.

7.     Defendants state that Johnson & Johnson Consumer Inc. (formerly known as Johnson & Johnson Consumer Companies, Inc.) is a New Jersey corporation with its principal place of business in New Jersey.  Defendants deny the remaining allegations in paragraph 7 of Plaintiff's Complaint.

---

[3]     Defendants note that Plaintiff's Complaint contains numerous paragraph-numbering errors.  Defendants have adopted the same numbering for consistency with Plaintiff's Complaint.

2

8.     Defendants state that Johnson & Johnson Consumer Inc. (formerly known as Johnson & Johnson Consumer Companies, Inc.) manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this case, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9.     Defendants state that Johnson & Johnson Consumer Inc. (formerly known as Johnson & Johnson Consumer Companies, Inc.) manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this case, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendants state that there is no existing legal entity known as Johnson & Johnson Customer Logistics Services, LLC and, thus, it has been improperly named as a defendant.  Defendants state that Johnson & Johnson Customer Logistics Services, LLC is not an existing Illinois corporation and does not maintain a principal place of business in Buffalo Grove, Illinois or anywhere in Illinois.  Defendants deny the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint.  Defendants state that there is no existing legal entity known as Johnson & Johnson Customer Logistics Services, LLC and, thus, it has been improperly named as a defendant.  Defendants state that Johnson & Johnson Customer Logistics Services, LLC is not an existing Illinois corporation

and does not maintain a principal place of business in Buffalo Grove, Illinois or anywhere in Illinois.

12.     Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint. Defendants state that there is no existing legal entity known as Johnson & Johnson Customer Logistics Services, LLC and, thus, it has been improperly named as a defendant. Defendants state that Johnson & Johnson Customer Logistics Services, LLC is not an existing Illinois corporation and does not maintain a principal place of business in Buffalo Grove, Illinois or anywhere in Illinois.

13.     Defendants deny the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint. Defendants state that there is no existing legal entity known as Johnson & Johnson Customer Logistics Services, LLC and, thus, it has been improperly named as a defendant. Defendants state that Johnson & Johnson Customer Logistics Services, LLC is not an existing Illinois corporation and does not maintain a principal place of business in Buffalo Grove, Illinois or anywhere in Illinois.

15.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of Plaintiff's Complaint and, therefore, Defendants deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of Plaintiff's Complaint and, therefore, Defendants deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of Plaintiff's Complaint and, therefore, Defendants deny the same.

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint. Defendants state that Plaintiff's interpretations of the events described in paragraph 18 of

Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint. Defendants also note that the allegations contained in this paragraph are improperly set forth collectively, and this is improper as further addressed throughout this Answer.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint. Defendants state that Plaintiff's interpretations of the events described in paragraph 19 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint. Defendants also note that the allegations contained in this paragraph are improperly set forth collectively, and this is improper as further throughout this Answer.

20.     Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint. Defendants state that Plaintiff's interpretations of the events described in paragraph 20 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint. Defendants also note that the allegations contained in this paragraph are improperly set forth collectively, and this is improper as further addressed throughout this Answer.

21.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendants state that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.

23.     Defendants are without knowledge are without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny that "[a]t all pertinent times [] all Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing" of JOHNSON'S® Baby Powder and SHOWER TO SHOWER®.  Rather, Johnson & Johnson Consumer Inc. manufactured, designed, and marketed the products at issue during relevant time periods.  Defendants admit that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this suit, are retailed and sold nationwide.  Defendants specifically deny that any of the other defendants, including Johnson & Johnson, designed, manufactured, or marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® or introduced these products into interstate commerce during relevant time periods.  Accordingly, Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.  Moreover, because Plaintiff in this paragraph and in further paragraphs of the Complaint collectively refers to "Defendants" Defendants emphasize that Plaintiff's collective allegations against Johnson & Johnson, Johnson & Johnson Consumer Inc., and Johnson & Johnson Customer Logistics Services, LLC are factually and legally incorrect and improper.  Thus, Defendants deny each and every allegation that is presented as a collective allegation.  More specifically, as Defendants will emphasize throughout this Answer, Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed the products at issue in this case during time periods relevant to this lawsuit.  Defendants deny that Johnson or Johnson & Johnson Customer Logistics Services, LLC manufactured, designed, or marketed the products at issue in this case during relevant time periods.

## COMMON ALLEGATIONS TO ALL COUNTS

27. Defendants state that talc is a powdered, selected, natural, hydrated magnesium silicate that is mined from the earth.

28. Defendants state that talcum powders are comprised mainly of talc. Defendants further state that Johnson & Johnson Consumer Inc. manufactured JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods and that these products contain talc.

29. Defendants state that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson manufactured the products at issue in this case during relevant time periods. Moreover, because Plaintiff in this paragraph and in further paragraphs of the Complaint collectively refers to the "Defendants," Defendants emphasize that Plaintiff's collective allegations against Johnson & Johnson, Johnson & Johnson Consumer Inc., and Johnson & Johnson Customer Logistics Services, LLC are factually and legally incorrect and improper. Thus, Defendants deny each and every allegation that is presented as a collective allegation. More specifically, as Defendants will emphasize throughout this answer, Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed the products at issue in this case during time periods relevant to this lawsuit. Defendants deny that Johnson & Johnson or Johnson & Johnson Customer Logistics Services, LLC manufactured, designed, or marketed the products at issue in this case during relevant time periods.

7

31.     Defendants state that talcum powders are comprised mainly of talc.  Defendants further state that Johnson & Johnson Consumer Inc. manufactured JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods and that these products contain talc.

32.     Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Defendants state that Plaintiff's interpretations of the events described in paragraph 36 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendants state that Plaintiff's interpretations of the events described in paragraph 37 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods.  Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves.  Defendants deny the remaining allegations in paragraph 38 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised JOHNSON'S® Baby Powder during relevant time periods.

39.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the

product during relevant time periods. Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 39 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised JOHNSON'S® Baby Powder during relevant time periods.

40.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 40 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised JOHNSON'S® Baby Powder during relevant time periods.

41.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 41 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised JOHNSON'S® Baby Powder during relevant time periods.

42.     Defendants state that Johnson & Johnson Consumer Inc. marketed SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants further state that the statements on the bottle of SHOWER TO SHOWER® and from SHOWER TO SHOWER® advertisements speak for

themselves. Defendants deny the remaining allegations in paragraph 42 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised SHOWER TO SHOWER® during relevant time periods.

43.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 43 of Plaintiff's Complaint and, therefore, Defendants deny the same.

44.     Defendants state Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants further state that the statements on the bottle of SHOWER TO SHOWER® and from SHOWER TO SHOWER® advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 44 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson advertised, marketed, or labeled the products at issue in this case during relevant time periods.

45.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 45 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendants state that Plaintiff's interpretations of the events described in paragraph 46 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 47 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 48 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 49 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 50 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations concerning this study in paragraph 50 of Plaintiff's Complaint.  Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 50 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations concerning the events described in paragraph 50 of Plaintiff's Complaint.

51.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 51 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the studies referenced in paragraph 52 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

53.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 53 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 54 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint.

55.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 55 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 56 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 57 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 58 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 59 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

60.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 60 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

61.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 61 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 62 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 63 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 64 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 64 of Plaintiff's Complaint.

65.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 65 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

66.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 66 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

67.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 67 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 67 of Plaintiff's Complaint.

68.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 68 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 69 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 70 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

71.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the events and article cited in described in paragraph 71 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

72.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 72 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 73 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 74 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 75 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 76 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

77.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 77 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 77 of Plaintiff's Complaint.

78.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 78 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint.

79.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 79 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 79 of Plaintiff's Complaint.

80.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 80 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint.

81.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 81 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 81 of Plaintiff's Complaint.

82.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 82 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

83.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 83 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 83 of Plaintiff's Complaint.

84.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 84 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 84 of Plaintiff's Complaint.

85.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 85 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 85 of Plaintiff's Complaint.

86.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 86 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 86 of Plaintiff's Complaint.

87.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 87 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 88 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

89.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 89 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 90 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

91.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 91 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

92.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 92 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 93 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

94.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 94 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 94 of Plaintiff's Complaint.

95.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 95 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 96 of Plaintiff's Complaint are erroneous and/or taken out of context.  As

such, Defendants deny the allegations concerning this study in paragraph 96 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 96 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the events described in paragraph 96 of Plaintiff's Complaint.

97. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 97 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 97 of Plaintiff's Complaint.

98. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 98 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint.

99. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 99 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 99 of Plaintiff's Complaint.

100. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 100 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 100 of Plaintiff's Complaint.

101. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 101 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 101 of Plaintiff's Complaint.

102. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 102 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 102 of Plaintiff's Complaint.

103.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 103 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 103 of Plaintiff's Complaint.

104.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 104 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 104 of Plaintiff's Complaint.

105.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 105 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 106 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 106 of Plaintiff's Complaint.

107.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 107 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint.

108.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 108 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 108 of Plaintiff's Complaint.

109.     Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 109 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 109 of Plaintiff's Complaint.

110.     Defendants admit that the Cancer Prevention Coalition filed a Citizen Petition with the Food and Drug Administration ("FDA") regarding talc products and further state that the

interpretations of and conclusions drawn in the Citizen Petition, as cited by Plaintiff, are erroneous and/or taken out of context. Defendants specifically deny that cosmetic grade talc causes ovarian cancer, and Defendants deny all remaining allegations in paragraph 110 of Plaintiff's Complaint.

111. Defendants state that Plaintiff's interpretations of and conclusions drawn by the paper cited in paragraph 111 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 111 of Plaintiff's Complaint.

112. Defendants state that Plaintiff's interpretations of the Act referenced and events described in paragraph 112 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 112 of Plaintiff's Complaint.

113. Defendants admit that the Cancer Prevention Coalition filed a Citizen Petition with the Food and Drug Administration ("FDA") regarding talc products and further state that the interpretations of and conclusions drawn in the Citizen Petition, as cited by Plaintiff, are erroneous and/or taken out of context. Defendants specifically deny that cosmetic grade talc causes ovarian cancer, and Defendants deny all remaining allegations in paragraph 113 of Plaintiff's Complaint.

114. Defendants state that Plaintiff's interpretations of and conclusions drawn by the events described and websites referenced in paragraph 114 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 114 of Plaintiff's Complaint.

115. Defendants state that Plaintiff's interpretations of and conclusions drawn by the study cited in paragraph 115 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning this study in paragraph 115 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 115 of Plaintiff's Complaint are erroneous and/or taken out of context. As such,

Defendants deny the allegations concerning the events described in paragraph 115 of Plaintiff's Complaint.

116.    Defendants state that Plaintiff's interpretations of and conclusions drawn by the article cited in paragraph 116 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning this article in paragraph 116 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 116 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the events described in paragraph 116 of Plaintiff's Complaint.

117.    Defendants state that Plaintiff's interpretations of the events described in paragraph 117 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 117 of Plaintiff's Complaint.

118.    Defendants state that Plaintiff's interpretations of the events described in paragraph 118 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 118 of Plaintiff's Complaint.

119.    Defendants state that Plaintiff's interpretations of the events described in paragraph 119 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the allegations in paragraph 120 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

121.    Defendants deny the allegations in paragraph 121 of Plaintiff's Complaint. Defendants state that Plaintiff's interpretations of the events described in paragraph 121 of

Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning these events in paragraph 121 of Plaintiff's Complaint.

122.    Defendants deny the allegations in paragraph 122 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

123.    Defendants deny the allegations in paragraph 123 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

124.    Defendants state that Plaintiff's interpretations of and conclusions drawn by the letter and studies cited in paragraph 124 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the letter and studies cited in paragraph 124 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 124 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning those events described in paragraph 124 of Plaintiff's Complaint.

125.    Defendants state that Plaintiff's interpretations of and conclusions drawn by the letter and studies cited in paragraph 125 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the letter and studies cited in paragraph 125 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 125 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning those events described in paragraph 125 of Plaintiff's Complaint.

126.    Defendants state that Plaintiff's interpretations of the letter described in paragraph 126 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 126 of Plaintiff's Complaint.

127.    Defendants state that Plaintiff's interpretations of the letter described in paragraph 127 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 127 of Plaintiff's Complaint.

128.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 128 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

129.    Defendants state that Plaintiff's interpretations of and conclusions drawn by the letter cited in paragraph 129 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the letter cited in paragraph 129 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 129 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning those events described in paragraph 129 of Plaintiff's Complaint.

130.    Defendants state that Plaintiff's interpretations of the events described in paragraph 130 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning those events described in paragraph 130 of Plaintiff's Complaint.

131.    Defendants state that Plaintiff's interpretations of and conclusions drawn by the letter cited in paragraph 131 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations concerning the letter cited in paragraph 131 of Plaintiff's Complaint. Further, Defendants state that Plaintiff's interpretations of the events described in paragraph 131 of Plaintiff's Complaint are erroneous and/or taken out of context. As such,

Defendants deny the allegations concerning those events described in paragraph 131 of Plaintiff's Complaint.

132.     Defendants state that Plaintiff's interpretations of the events described and Act referenced in paragraph 132 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 132 of Plaintiff's Complaint.

133.     Defendants state that Plaintiff's interpretations of the events described in paragraph 133 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 133 of Plaintiff's Complaint.

134.     Defendants state that Plaintiff's interpretations of the events described in paragraph 134 of Plaintiff's Complaint are erroneous and/or taken out of context.  As such, Defendants deny the allegations in paragraph 134 of Plaintiff's Complaint.

135.     Defendants state that the allegations in paragraph 135 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 135 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

136.     Defendants deny the allegations in paragraph 136 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

137.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods.  Defendants further state that the statements on the bottle of

JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 137 of Plaintiff's Complaint.

138.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder for use in accordance with the manufacturer-provided labeling accompanying the product during relevant time periods. Defendants further state that the statements on the bottle of JOHNSON'S® Baby Powder and from JOHNSON'S® Baby Powder advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 138 of Plaintiff's Complaint.

139.     Defendants deny the allegations in paragraph 139 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

140.     Defendants deny the allegations in paragraph 140 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

141.     Defendants state that Plaintiff's interpretations of the events described in paragraph 141 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 141 of Plaintiff's Complaint.

142.     Defendants state that Plaintiff's interpretations of the events described in paragraph 142 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 142 of Plaintiff's Complaint.

143.     Defendants state that Plaintiff's interpretations of the events described in paragraph 143 of Plaintiff's Complaint are erroneous and/or taken out of context. As such, Defendants deny the allegations in paragraph 143 of Plaintiff's Complaint.

144.     Defendants deny the allegations in paragraph 144 of Plaintiff's Complaint.

145.     Defendants deny the allegations in paragraph 145 of Plaintiff's Complaint.

146.     Defendants deny the allegations in paragraph 146 of Plaintiff's Complaint.

147.    Defendants deny the allegations in paragraph 147 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

148.    Defendants deny the allegations in paragraph 148 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

149.    Defendants deny the allegations in paragraph 149 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

150.    Defendants deny the allegations in paragraph 150 of Plaintiff's Complaint.

151.    Defendants deny the allegations in paragraph 151 of Plaintiff's Complaint.

152.    Defendants deny the allegations in paragraph 152 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

153.    Defendants deny the allegations in paragraph 153 of Plaintiff's Complaint.

154.    Defendants state that the credo referenced in paragraph 154 of Plaintiff's Complaint speaks for itself.   Defendants deny the remaining allegations in paragraph 154 of Plaintiff's Complaint.

155.    Defendants deny the allegations in paragraph 155 of Plaintiff's Complaint.

156.    Defendants deny the allegations in paragraph 156 of Plaintiff's Complaint.

157.    Defendants deny the allegations in paragraph 157 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

158.    Defendants deny the allegations in paragraph 158 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

159.    Defendants deny the allegations in paragraph 159 of Plaintiff's Complaint.

160.    Defendants deny the allegations in paragraph 160 of Plaintiff's Complaint.

161.    Defendants deny the allegations in paragraph 161 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

162.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 162 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 162 of Plaintiff's Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 163 of Plaintiff's Complaint concerning Decedent's alleged purchase and use of the products at issue and, therefore, Defendants deny the same.

164.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 164 of Plaintiff's Complaint and, therefore, Defendants deny the same.

165.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 165 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® speak for themselves.  Defendants deny the remaining allegations in paragraph 165 of Plaintiff's Complaint.

166.    Defendants deny the allegations in paragraph 166 of Plaintiff's Complaint.

167.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S®
Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-
provided labeling accompanying the products during relevant time periods. Defendants deny the
remaining allegations in paragraph 167 of Plaintiff's Complaint, and Defendants specifically deny
that cosmetic grade talc causes ovarian cancer.

168.    Defendants are without knowledge or information sufficient to form a belief as to
the allegations in paragraph 168 of Plaintiff's Complaint and, therefore, Defendants deny the same.

169.    Defendants deny the allegations in paragraph 169 of Plaintiff's Complaint, and
Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

170.    Defendants deny the allegations in paragraph 170 of Plaintiff's Complaint, and
Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

## COUNT I
### (Strict Liability – Failure to Warn – JOHNSON & JOHNSON)

171.    Defendants incorporate by reference as if fully set forth their responses to the
allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. manufactured and
marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time
periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the
products at issue in this suit, are retailed and sold nationwide.  Defendants deny the remaining
allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants are without knowledge or information sufficient to form a belief as to
the allegations in paragraph 173 of Plaintiff's Complaint concerning Decedent's alleged use of the
products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson &
Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER®

for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174. Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175. Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176. Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177. Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178. Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179. Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180. Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181. Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint.

182. Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183. Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184. Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

185.    Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

186.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 186 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

187.    Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

188.    Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

189.    Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint.

Defendants deny the allegations in the unnumbered section at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

<u>COUNT II</u>
**(Strict Liability – Defective Manufacture and Design – JOHNSON & JOHNSON)**

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods. Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this suit, are retailed and sold nationwide. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this suit, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 176 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed the products at issue in this case during relevant time periods.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 180 of Plaintiff's Complaint and, therefore, Defendants deny the same.

181.    Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182.    Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.    Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184.    Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

185.    Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed or advertised the products at issue in this case during relevant time periods.

186.    Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

187.    Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint.

188.    Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.    Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered section at the conclusion of this section of the complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT III
### (Wrongful Death – JOHNSON & JOHNSON)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.    Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 191 of Plaintiff's Complaint and, therefore, Defendants deny the same.

192.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 192 of Plaintiff's Complaint and, therefore, Defendants deny the same.

193.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 193 of Plaintiff's Complaint and, therefore, Defendants deny the same.

194.    Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint.

195.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 195 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT IV

**(Breach of Express Warranty – Defendants JOHNSON & JOHNSON)**

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® and from JOHNSON'S® Baby Powder and SHOWER TO SHOWER® advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed, advertised, or labeled the products at issue in this case during relevant time periods.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

196.    Defendants deny the allegations in paragraph 196 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT V
**(Breach of Implied Warranty – JOHNSON & JOHNSON)**

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S®
Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-
provided labeling accompanying the products during relevant time periods.  Defendants deny the
remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants state that the allegations in paragraph 173 of Plaintiff's Complaint call
for a legal conclusion to which no response is required, but, responding further, Defendants deny
those allegations to the extent they seek to impose obligations on Defendants beyond those
required by law.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's
Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and
Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.     Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

197.     Defendants deny the allegations in paragraph 197 of Plaintiff's Complaint.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this
section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT VI
### (Fraudulent Concealment – JOHNSON & JOHNSON)

171.     Defendants incorporate by reference as if fully set forth their responses to the
allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants state that the allegations in paragraph 172 of Plaintiff's Complaint
pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding
further, Defendants deny those allegations to the extent they seek to impose obligations on

35

Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed the products at issue in this case during relevant time periods.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint.

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.    Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT VII
### (Intentional Misrepresentation – JOHNSON & JOHNSON)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that the allegations in paragraph 172 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181.    Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint.

182.    Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.    Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.    Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

186.    Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT VIII
### (Survival - Johnson & Johnson)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint and, therefore, Defendants deny the same.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 175 of Plaintiff's Complaint and, therefore, Defendants deny the same.

176.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 176 of Plaintiff's Complaint and, therefore, Defendants deny the same.

177.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 177 of Plaintiff's Complaint and, therefore, Defendants deny the same.

178.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 178 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT IX
### (Family Expense Act – JOHNSON & JOHNSON)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

179.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 179 of Plaintiff's Complaint and, therefore, Defendants deny the same.

180.    Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181.    Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182. Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

183. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 183 of Plaintiff's Complaint and, therefore, Defendants deny the same.

184. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 184 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT X
### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)

171. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint regarding Decedent's alleged purchase and use of the products at issue and, therefore, Defendants deny the same. Defendants state that the remaining allegations in paragraph 172 of Plaintiff's Complaint call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations.

173. Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174. Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175. Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176. Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177. Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.     Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint.

180.     Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.     Defendants state that the allegations in paragraph 181 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 181 of Plaintiff's Complaint.

182.     Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.     Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184.     Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.     Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint.

186.     Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint.

187.     Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint.

188.     Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.     Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint.

190.     Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.     Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint.

192.     Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint.

193.    Defendants deny the allegations in paragraph 193 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

194.    Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

**COUNT XI**
**(Strict Liability – WALGREENS)**

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this suit, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 176 of Plaintiff's Complaint concerning Decedent's alleged purchase of the products at issue and, therefore, Defendants deny the same

177.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 177 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson &

Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants deny the remaining allegations in paragraph 177 of Plaintiff's Complaint.

178. Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179. Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180. Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181. Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182. Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

183. Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184. Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

185. Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint.

186. Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint.

187. Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

188.     Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

189.     Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 190 of Plaintiff's Complaint.

191.     Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.     Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

192.     Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XII
### (Wrongful Death – WALGREENS)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

173.     Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

171.    Defendants deny the allegations in paragraph 171 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

172.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint and, therefore, Defendants deny the same.

173.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 173 of Plaintiff's Complaint and, therefore, Defendants deny the same.

174.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 174 of Plaintiff's Complaint and, therefore, Defendants deny the same.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 176 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XIII
### (Breach of Express Warranty – WALGREENS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® and from JOHNSON'S® Baby Powder and SHOWER TO SHOWER® advertisements speak for

themselves.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed, advertised, or labeled the products at issue in this case during relevant time periods.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XIV
### (Breach of Implied Warranty – WALGREENS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® and from JOHNSON'S® Baby Powder and SHOWER TO SHOWER® advertisements speak for themselves.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants state that the allegations in paragraph 173 of Plaintiff's Complaint call for a legal conclusion to which no response is required, but, responding further, Defendants deny

those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XV
### (Fraudulent Concealment – WALGREENS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that the allegations in paragraph 172 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.     Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.     Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint.

179.     Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.     Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

<u>**COUNT XVI**</u>
**(Intentional Misrepresentation – WALGREENS)**

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants state that the allegations in paragraph 172 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181.     Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint.

182.     Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.     Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.    Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

186.    Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XVII
### (Survival - WALGREENS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint and, therefore, Defendants deny the same.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

185.    Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

186.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 186 of Plaintiff's Complaint and, therefore, Defendants deny the same.

187.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 187 of Plaintiff's Complaint and, therefore, Defendants deny the same.

188.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 188 of Plaintiff's Complaint and, therefore, Defendants deny the same.

189.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 189 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XVIII
### (Family Expense Act – WALGREENS)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

174.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 174 of Plaintiff's Complaint and, therefore, Defendants deny the same.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.     Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.     Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

192.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 192 of Plaintiff's Complaint and, therefore, Defendants deny the same.

193.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 193 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XIX
### (Violation of Illinois Consumer Fraud and Deceptive Business Practices Act - WALGREENS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint regarding Decedent's alleged purchase and use of the products at issue and, therefore, Defendants deny the same. Defendants state that the remaining allegations in paragraph 172 of Plaintiff's Complaint call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint.

180.    Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.    Defendants state that the allegations in paragraph 181 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law. Defendants deny the remaining allegations in paragraph 181 of Plaintiff's Complaint.

182.    Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.    Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184.    Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.    Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint.

186.    Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint.

187.    Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint.

188.    Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.    Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint.

190.    Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.    Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint.

192.    Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint.

193.    Defendants deny the allegations in paragraph 193 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

194.    Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XX
### (Strict Liability – Failure to Warn – IMERYS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this lawsuit, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 176 of Plaintiff's Complaint.

177.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 177 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during

relevant time periods. Defendants deny the remaining allegations in paragraph 177 of Plaintiff's Complaint.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.     Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.     Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181.     Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182.     Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

183.     Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184.     Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

185.     Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint.

186.     Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint.

187.     Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

188.     Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

189.    Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.    Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.    Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.    Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

192.    Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## <u>COUNT XXI</u>
### (Strict Liability – Defective Manufacture and Design – IMERYS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this lawsuit, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 176 of Plaintiff's Complaint.

177.     Defendants state that Johnson & Johnson Consumer Inc. manufactured, designed, and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® during relevant time periods.  Defendants further state that Johnson & Johnson Consumer Inc.'s products, including the products at issue in this lawsuit, are retailed and sold nationwide.  Defendants deny the remaining allegations in paragraph 177 of Plaintiff's Complaint.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.     Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 180 of Plaintiff's Complaint concerning Decedent's alleged use of the products at issue and, therefore, Defendants deny the same.  Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during

relevant time periods. Defendants deny the remaining allegations in paragraph 180 of Plaintiff's Complaint.

181.     Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182.     Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

183.     Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

184.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 184 of Plaintiff's Complaint and, therefore, Defendants deny the same.

185.     Defendants deny the allegations in paragraph 185 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

186.     Defendants deny the allegations in paragraph 186 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

187.     Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

188.     Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

189.     Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

190.     Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

191.    Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

192.    Defendants deny the allegations in paragraph 192 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

193.    Defendants deny the allegations in paragraph 193 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXII
## (Wrongful Death – IMERYS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 180 of Plaintiff's Complaint and, therefore, Defendants deny the same.

181.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 181 of Plaintiff's Complaint and, therefore, Defendants deny the same.

182.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 182 of Plaintiff's Complaint and, therefore, Defendants deny the same.

183.    Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 184 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXIII
### (Breach of Express Warranty – IMERYS)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® and from JOHNSON'S® Baby Powder and SHOWER TO SHOWER® advertisements speak for themselves.  Defendants deny the remaining allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that Johnson & Johnson marketed, advertised, or labeled the products at issue in this case during relevant time periods.

177.     Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

194.     Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXIV
### (Breach of Implied Warranty – IMERYS)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants state that Johnson & Johnson Consumer Inc. manufactured and marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with

the manufacturer-provided labeling accompanying the products during relevant time periods. Defendants further state that the statements on the bottles of JOHNSON'S® Baby Powder and SHOWER TO SHOWER® and from JOHNSON'S® Baby Powder and SHOWER TO SHOWER® advertisements speak for themselves. Defendants deny the remaining allegations in paragraph 176 of Plaintiff's Complaint.

177. Defendants state that the allegations in paragraph 177 of Plaintiff's Complaint call for a legal conclusion to which no response is required, but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.

178. Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint.

179. Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180. Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181. Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

195. Defendants deny the allegations in paragraph 195 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

**COUNT XXV**
**(Survival - IMERYS)**

171. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

61

172.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of Plaintiff's Complaint and, therefore, Defendants deny the same.

173.     Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

194.     Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

195.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 195 of Plaintiff's Complaint and, therefore, Defendants deny the same.

196.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 196 of Plaintiff's Complaint and, therefore, Defendants deny the same.

197.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 197 of Plaintiff's Complaint and, therefore, Defendants deny the same.

198.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 198 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## <u>COUNT XXVI</u>
### (Family Expense – IMERYS)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

174.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 174 of Plaintiff's Complaint and, therefore, Defendants deny the same.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

199.     Defendants deny the allegations in paragraph 199 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

200.     Defendants deny the allegations in paragraph 200 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

201.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 201 of Plaintiff's Complaint and, therefore, Defendants deny the same.

202.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 202 of Plaintiff's Complaint and, therefore, Defendants deny the same.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## <u>COUNT XXVII</u>
### (Civil Conspiracy – All Defendants)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants admit that Imerys Talc America, Inc. f/k/a Luzenac America, Inc. supplied talc for products manufactured by Johnson & Johnson Consumer Inc., including JOHNSON'S® Baby Powder and SHOWER TO SHOWER®, during relevant time periods. Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint.

173.     Defendants state that Johnson & Johnson Consumer Inc. marketed JOHNSON'S® Baby Powder and SHOWER TO SHOWER® for use in accordance with the manufacturer-provided labeling accompanying the products during relevant time periods.  Defendants deny the remaining allegations in paragraph 173 of Plaintiff's Complain.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

63

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.     Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177.     Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint.

179.     Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.     Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.     Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXVIII
### (Concert of Action – All Defendants)

171.     Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.     Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

173.     Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXIX
### (Negligent Misrepresentation – All Defendants)

171.    Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172.    Defendants state that the allegations in paragraph 172 of Plaintiff's Complaint pertaining to "duty" call for a legal conclusion to which no response is necessary but, responding further, Defendants deny those allegations to the extent they seek to impose obligations on Defendants beyond those required by law.  Defendants deny the remaining allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## COUNT XXX
### (Punitive Damages – All Defendants)

171. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 170 of Plaintiff's Complaint.

172. Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

176. Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177. Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178. Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

Defendants deny the allegations in the unnumbered paragraph at the conclusion of this section of the Complaint in which Plaintiff includes a prayer for relief against Defendants.

## TOLLING OF STATUTE OF LIMITATIONS

171. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 182 of Plaintiff's Complaint.

172. Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint.

173. Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

174. Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint. Defendants further specifically deny that the discovery rule applies in the manner described by Plaintiff, and Defendants specifically deny that the discovery rule applies in this case. Further, Defendants specifically deny that "the statute of limitations has been tolled" in the manner

described by Plaintiff. Defendants deny the remaining allegations in paragraph 174 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

175.    Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint. Defendants further specifically deny that "the running of any statute of limitations has been equitably tolled" in the manner described by Plaintiff.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint. Defendants further specifically deny that they are "estopped from relying on any statute of limitations."

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

180.    Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

181.    Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

182.    Defendants deny the allegations in paragraph 182 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1 through 182 of Plaintiff's Complaint.

Defendants deny that Plaintiff is entitled to any of the damages requested in the Complaint, including subparagraphs (a) through (l) identified in the "Prayer for Relief" section of the Complaint, and Defendants specifically deny that cosmetic grade talc causes ovarian cancer.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations in Plaintiff's Complaint and having denied any liability whatsoever, Defendants further deny any allegations that have not been expressly admitted and assert the following affirmative defenses. By asserting the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters. Defendants assert as follows:

## FIRST DEFENSE

The Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

## THIRD DEFENSE

The claims asserted in the Complaint are preempted by federal law, including (without limitation) the Federal Food, Drug, and Cosmetic Act.

## FOURTH DEFENSE

Plaintiff's claims are barred by the assumption of the risks alleged in the Complaint.

## FIFTH DEFENSE

Plaintiff's claims are barred because the risks, if any, associated with the use of products at issue are outweighed by their utility.

**SIXTH DEFENSE**

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**SEVENTH DEFENSE**

If Plaintiff or Decedent has sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendants and for which Defendants are not liable.

**EIGHTH DEFENSE**

Plaintiff may not recover from Defendants because the methods, standards, or techniques of designing, manufacturing, and labeling of the products at issue complied with and were in conformity with the generally recognized state of the art laws of each state alleged in Plaintiff's Complaint, at the time the products were designed, manufactured, and labeled.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

**ELEVENTH DEFENSE**

Plaintiff's warranty-based claims are barred by Plaintiff's or Decedent's failure to give proper or timely notice of any alleged defect or breach of warranty.

**TWELFTH DEFENSE**

To the extent that Plaintiff's claims relate to Defendants' advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United

States or by the Constitution of the State of Illinois or that of any other state whose laws may apply such claims are barred. Plaintiff's claims are also barred in whole or in part by the *Noerr-Pennington* Doctrine.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's or Decedent's failure to mitigate any damages allegedly sustained.

**FOURTEENTH DEFENSE**

Plaintiff's damages, if any, were the direct result of Plaintiff's or Decedent's pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Defendants had and continue to have no control.

**FIFTEENTH DEFENSE**

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, or employee benefit program. To the extent that Plaintiff is seeking recovery for any benefits from any other source for injuries and damages alleged, such benefits are not recoverable in this action under applicable law.

**SIXTEENTH DEFENSE**

Plaintiff's or Decedent's injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of third parties over whom Defendants had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred and/or reduced by Plaintiff's or Decedent's contributory or comparative negligence and Plaintiff's or Decedent's contributory or comparative fault.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiff, Decedent, or third parties of the products at issue.

**NINETEENTH DEFENSE**

Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Illinois or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same

71

procedural protections that are accorded to criminal defendants under the constitutions of the United States, Illinois, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## TWENTIETH DEFENSE

Plaintiff's warranty-based claims are barred because Plaintiff or Decedent was not in privity with Defendants, and are further barred and/or limited by any and all express conditions or disclaimers given by Defendants, and by Plaintiff's or Decedent's lack of reliance upon such warranties.

## TWENTY-FIRST DEFENSE

Plaintiff's or Decedent's injuries and damages, if any, were due to Plaintiff's or Decedent's preexisting condition or idiosyncratic reaction to the products at issue, for which Defendants cannot be held responsible.

## TWENTY-SECOND DEFENSE

Should Defendants be held liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiff's Complaint.

## TWENTY-THIRD DEFENSE

Plaintiff's or Decedent's alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiff or Decedent, and/or by the fault of Plaintiff or Decedent, and thus any recovery might be reduced accordingly or eliminated altogether in accord with applicable statutes

and common law, including the law of Illinois and/or the law of any other state whose law may apply.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the limitations and defenses set out in the applicable statutes and common law, including but not limited to, the "state of the art" defense. Defendants incorporate by reference all defenses and/or limitations set forth or referenced in applicable statutes and common law, including the law of Illinois and/or the law of any other state whose law may apply.

## TWENTY-FIFTH DEFENSE

Defendants are entitled to the protections and limitations from the imposition of punitive damages afforded under the United States Constitution and any applicable State Constitution. Plaintiff's claims for punitive damages, and all allegations pertaining to punitive damages, are governed by the law of New Jersey. Alternatively, to the extent Plaintiff's claims are governed by Illinois law or any other state whose law may apply and to the extent Plaintiff seeks punitive or aggravating circumstances damages, any award of such damages is limited by the applicable law, including the law of Illinois and/or the law of any other state whose law may apply.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff or Decedent did not rely to their detriment upon any statement by Defendants in determining to use the products at issue.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the FDCA.

73

## TWENTY-EIGHTH DEFENSE

To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to Defendants' disclosure of information related to the safety of the product, such claims are barred and should be dismissed. *See Buckman v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-NINTH DEFENSE

The conduct of Defendants, as well as the products at issue, conformed with the FDCA and the requirements of the FDA. Moreover, the activities of Defendants alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Complaint.

## THIRTIETH DEFENSE

Defendants assert that venue is improper in this action.

## THIRTY-FIRST DEFENSE

Defendants provided adequate and complete warnings for their products.

## THIRTY-SECOND DEFENSE

If it is determined that any product of Defendants was substantially and materially changed in condition, misused or abused, or was used in any unintentional or unforeseeable manner, the claims against Defendants must be barred.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred because based on the state of scientific, industrial, and technical knowledge during the relevant time periods, Defendants' products at issue was reasonably safe for its normal and foreseeable use at all relevant times, in light of existing reasonably available scientific, industrial, and technical knowledge.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine described in Section 4 of the Restatement (Third) of Torts: Products Liability because the product(s) at issue complied with applicable product safety statutes and administrative regulations.

## THIRTY-FIFTH DEFENSE

To the extent that Plaintiff is alleging fraud, conspiracy, deceit, or other similar conduct, Plaintiff has failed to plead these claims with sufficient particularity.

## THIRTY-SIXTH DEFENSE

Defendants preserve all defenses relating to personal jurisdiction and venue, including forum non conveniens.

## THIRTY-SEVENTH DEFENSE

The Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

## THIRTY-EIGHTH DEFENSE

Defendants deny that they participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities and characteristics of any of their products sold.

## THIRTY-NINTH DEFENSE

No act or omission of Defendants was intentional, fraudulent, malicious, reckless, in any way morally culpable, or made with conscious, malicious, or intentional disregard for the health and well-being of Plaintiff, Decedent, or others.

## FORTIETH DEFENSE

Pursuant to Illinois law or that of any other state whose laws may apply, Defendants request application of the Collateral Source Rule limiting economic damages for medical expenses to the

amounts actually paid to a healthcare provider. Plaintiff's alleged damages, if any, are subject to any applicable credit or set-off allowance for any medical costs that were credited, written off, forgiven, or otherwise extinguished.

### DEFENSES RESERVED

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserve their right to amend their Answer and to assert any such defenses.

### DEMAND FOR BIFURCATED TRIAL

If Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the remaining issues.

### JURY DEMAND

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. request a trial by jury on all issues so triable.

WHEREFORE, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. request that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Johnson & Johnson and Johnson & Johnson Consumer Inc. be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that Johnson & Johnson and Johnson & Johnson Consumer Inc. be granted any other relief to which it may be entitled.

Dated: June 16, 2018                Respectfully submitted,

**HeplerBroom LLC**

By: /s/ Beth A. Bauer
    Beth A. Bauer, #6274533
    130 N. Main Street
    PO Box 510
    Edwardsville, IL 62025
    (618) 307-1200

(618) 656-1364 - Facsimile
bab@heplerbroom.com
Firm ID #43866

**_Attorneys for Johnson & Johnson and Johnson &_**
**_Johnson Consumer Inc., formerly known as_**
**_Johnson & Johnson Consumer Companies, Inc._**

<u>**CERTIFICATE OF SERVICE**</u>

   The undersigned hereby certifies that a copy of the foregoing was served upon the following attorneys of record this 16th day of June, 2018, by operation of the electronic filing provisions of this Court:

Joseph A. Power, Jr.
Carolyn Daley Scott
**POWER ROGERS & SMITH, L.L.P.**
70 W. Madison, Ste. 5500
Chicago, IL 60602
joepower@prslaw.com
cdaley@prslaw.com

_**Attorneys for Plaintiff**_

/s/ Beth A. Bauer